**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:09CR337** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **DOUGLAS C. HOLLIBAUGH,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the parties' objections thereto (Filing Nos. 47, 47).  *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

### *Government's Objection (Filing No. 46)*

The Defendant objects to the quantity of controlled substance and base offense level attributed to the Defendant in ¶ 30.  The plea agreement recommends a base offense level of 26 based on a quantity of at least 50 but less than 200 grams of methamphetamine.  The Court's tentative findings are that, absent unusual circumstances, the plea agreement should be upheld and the base offense level should be calculated as level 26.  The government's objection is granted.

### *Defendant's Objections (Filing No. 47)*

The Defendant's objection to the drug quantity and base offense level in ¶ 30 of the PSR is granted for the reason stated above.

The Defendant also objects to the 3 criminal history points assessed in ¶ 43.  As reflected in ¶ 43, on July 16, 1993, the Defendant's probation imposed with respect to the prior offense was revoked and he was sentenced to 2 years imprisonment.  He was paroled to Nebraska on June 28, 1994, and he was discharged form parole on April 1, 1996.  The Defendant reasons that because sentence was imposed on July 16, 1993, the relevant 15-year time period for sentencing guideline purposes ended on July 16, 2008, and because the Defendant's conduct in this offense started as early as June or July 2009, the criminal history points appearing in ¶ 43 were improperly assessed.

In considering the imposition of three criminal history points, "[a] sentence imposed more than fifteen years prior to the defendant's commencement of the instant offense is not counted unless the defendant's incarceration extended into this fifteen-year period."  U.S.S.G. § 4A1.1 application note 1.  The Defendant pleaded guilty to a conspiracy that began "at least as early as June, 2009."  For purposes of this discussion, the June 2009, date is used.  Fifteen years prior to that date is June 1994.  The Defendant was sentenced on July 16, 1993, to a period of two years imprisonment.  He was paroled on June 28, 1994.  Therefore, his period of incarceration extended into the fifteen-year period in question and the three criminal history points were properly assessed.  The objection is denied, and the Defendant's request for an evidentiary hearing is denied.

IT IS ORDERED:

1.    The government's objections to the PSR (Filing No. 46) are granted;

2.    The Defendant's objections to the PSR (Filing No. 47) are granted in part and denied in part as follows:

    a.    the objection to ¶ 30 (base offense level) of the PSR is granted;

> b.      the objection to ¶ 43 (criminal history points) is denied;

3.      The Defendant's request for an evidentiary hearing is denied;

4.      If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5.      Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final; and

6.      Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 30th day of June, 2010.

BY THE COURT:

s/ Laurie Smith Camp
United States District Judge